UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE MARIE DOSTY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:16-cv-0522 AC <br><br><br> ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

|   | I. PROCEDURAL BACKGROUND |
|---|---|

Plaintiff applied for supplemental security income on June 19, 2012. Administrative Record ("AR") 39-244-57.[2] In a prior application, plaintiff applied for SSI, and her claim was denied in a final Administrative Law Judge ("ALJ") decision by ALJ Stanley R. Hogg dated January 13, 2012. AR 39, 244-57. There is no evidence in the record that plaintiff ever sought to re-open the prior decision by ALJ Hogg. See, AR 73-77, 246, 738. In her current application plaintiff alleged the disability onset date was November 14, 2009. AR 39, 224. The applications were disapproved initially, (AR 264-68), and on reconsideration, (AR 272-76). On February 6, 2014 and May 13, 2014 ALJ Carol A. Eckersen presided over hearings on plaintiff's challenge to the disapprovals. AR 73-176 (transcript). Plaintiff was present via videoconference and testified at the hearing. AR 17, 75. She was represented by non-attorney representative Shirley Hull at the hearing. Id. Lisa Suhonos, a vocational expert, also testified at the hearing. Id.

On September 26, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-29 (decision), 30-33 (exhibits). On January 7, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on March 11, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 21 (plaintiff's summary judgment motion), 24 (Commissioner's summary judgment motion), 25 (plaintiff's response).

II. FACTUAL BACKGROUND

Plaintiff was born on November 8, 1973, and accordingly was 38 years old when she filed her application. AR 27. Plaintiff has at least a high school education. AR 27.

---

[2] The AR is electronically filed at ECF Nos. 17-3 to 17-13 (AR 1 to AR 727). A Supplemental AR is electronically filed at ECF Nos. 19-3 to 19-7 (AR 728-939).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

4

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since June 19, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: borderline personality disorder; depression; thoracic compression fracture; and mild lumbar degenerative disc disease (20 CFR 416.920(c)).
>
> 3. [Step 3] 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) with the following additional limitations: she is limited to simple and repetitive tasks in a nonpublic setting, with occasional interaction with coworkers and supervisors.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born on November 8, 1973 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 19, 2012, the date the application was filed (20 CFR 416.920(g)).

AR 19-28.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 28.

## VI. ANALYSIS

Plaintiff alleges the ALJ made six reversible errors: (1) the ALJ constructively re-opened plaintiff's prior claim by affirming the prior unfavorable decision, necessitating remand for full adjudication of the prior claim; (2) the ALJ failed to weigh the opinions of 16 treating physicians; (3) the ALJ erred in discrediting the opinions of Agency Drs. Biala and Brode; (4) the ALJ did not give clear and convincing reasons for discounting plaintiff's credibility by explaining which portions of the record contradicted portions of plaintiff's statements; (5) the ALJ did not properly find plaintiff's RFC because she improperly discounted plaintiff's statements about the intensity and persistence of her pain and the effect her symptoms have on her ability to work concerning plaintiff's ability to walk; and (6) the ALJ provided an incomplete hypothetical to the vocational expert by failing to include the Agency physician's opinion about plaintiff's ability to walk, work with co-workers, and need for breaks every two hours. ECF No. 21 at 5.

### A. Constructive Re-Opening of Prior Claim

Plaintiff's prior claim was not constructively re-opened. Plaintiff never appealed her prior ALJ decision nor requested re-opening of the decision. AR 73-177, 246, 738. "[W]hen a claimant takes no action to review a decision of an ALJ, that decision becomes final and binding on the parties." Lewis v. Sec'y, Dep't of Health, Ed. & Welfare, 503 F. Supp. 1177, 1180 (S.D.N.Y. 1980). However, "[i]f the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived and thus, the claim is ... subject to judicial

review." Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003) (internal citations omitted).

Plaintiff argues that the ALJ constructively re-opened her prior case by not denying her reopening request. ECF No. 21 at 11. However, plaintiff does not point to evidence in the record that she actually requested re-opening, and the court finds none. Plaintiff further argues that the ALJ impliedly re-opened the prior decision by accepting for the record all of plaintiff's proffered evidence, including the transcript from the prior proceeding, the prior decision, and medical opinions considered in the prior decision. Id. This argument fails; an ALJ is required as part of evaluating a new case to consider whether a prior finding of non-disability is binding on plaintiff on grounds of res judicata. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). Review of all of the evidence in order to make that determination does not re-open the prior case.

Further, the ALJ did not "render a decision on the merits" with respect to the previous claim; in fact, the ALJ specifically noted that "[a]lthough the claimant has alleged an onset date of November 14, 2009, the claimant is only eligible for benefits since June 19, 2012, the date of the claimant's current application for supplemental security income. Accordingly, it is unnecessary to consider whether the claimant was disabled prior to the application date, and the period being adjudicated by this decision is from June 19, 2012 through the date of this decision." AR 23, n. 2. The court reads this as an unequivocal statement from the ALJ that she was not re-opening plaintiff's prior case. The "only eligible for benefits" language is not a statement regarding the merits of plaintiff's prior case, but an acknowledgement that the prior time period had already been adjudicated and that plaintiff is "only eligible for benefits" related to the time period of her current application. There was no constructive re-opening of plaintiff's prior application.

B. Failure to Account for 16 Physicians

The ALJ's alleged failure to consider the "opinions" of 16 treating and non-treating physicians does not present any reversible error.[3] In general "[t]hose physicians with the most

---

[3] Plaintiff's argument on this point is seriously lacking; it does not specify for the court the location of each doctor's opinion in the administrative record, and it does not identify how the omission of any particular physician's opinion generates reversible, non-harmless error. ECF No. (continued…)

7

significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

Plaintiff argues that both treating and non-treating physician opinions were not only rejected, but completely omitted from analysis. Several of the physician "opinions" plaintiff cites are not and cannot be construed as opinions at all, because they are documents such as exhibit lists or administrative appeal documents. AR 260 (exhibit list referencing Dr. Robert Hensley's 2008 notes and Dr. Silvia Torrez's 2009 notes), AR 231-32 (administrative appeal forms referencing Dr. Harold Goldman's 2008 notes, Dr. Nourollah Danialypour's 2009 notes, and Dr. Sang Gang Lee's 2008 notes), AR 409 (administrative appeal form listing Dr. Donald Schepps notation of plaintiff's motorbike accident and subsequent treatment). Other physician notes are treatment records from before the claim period. AR 879-88 (2009 notes from Dr. Hensley), AR 423-27 (2010 notes from Dr. Shelley Sutton), AR 453-55 (2010 notes from Drs. Ron Sand and Momo Kurosaka), AR 624 (May 2012 notes by Dr. C. Corgiat), AR 632 (June 7, 2012 notes from Dr. H. Longia[4]), AR 651-56 (2010 notes from Drs. Rasmussen and Hicks), AR 901 (2009 notes from Dr. N. Kravatz), AR 903-08 (2009 notes from Dr. Silvia Torrez).

Notes within the claim period do not demonstrate any error. The notes of Dr. Pamela Ikuta do not contradict the RFC found by the ALJ. AR 476-77. Dr. Ikuta saw plaintiff following a bicycle crash in September of 2012. She offered no limitations for plaintiff, and noted mostly normal findings. Id. Although she did not discuss Dr. Ikuta by name, the ALJ fully accounted for the injuries sustained during plaintiff's bicycle accident in her decision. AR 24. The records

---

21 at 12-13. Nonetheless, the court considered the record in full. Plaintiff's counsel is encouraged to provide more substantial argument in the future.

[4] This record is approaching the date of the period under the ALJ's consideration. Even considered fully, this brief medical note does not contain any limitations for plaintiff and does not impact the ALJ's RFC finding. AR 631.

at AR 657-62 contain 2013 notes from Dr. Greenberg regarding treatment of boils under plaintiff's arm; this condition is not one considered in plaintiff's social security claim and plaintiff makes no argument that the condition should have been considered. See ECF No. 21. The records at AR 578-583 are generated by Dr. Melissa Tasista and Dr. Debra Lupeika, neither of whom plaintiff lists as one of the 16 doctors not properly considered. ECF No. 21 at 13.

A complete review of the record, including each physician's notes, reveals that the ALJ did not err in failing to consider the notes of any of these physicians. Because none of these notes would alter the ALJ's RFC finding, even if there were error, it would be harmless. Reversal is not warranted.

### C. Opinions of Dr. Biala and Dr. Brode

The ALJ did not err in her analysis of the opinions of Dr. Biala or Dr. Brode; in fact, she gave each of these opinions significant weight and assessed an RFC that aligned with the opinions. AR 43, 48, 214, 235. Plaintiff argues that the ALJ did not account for a conflict between Drs. Biala and Brode's "unlimited access to co-workers" finding and the 2009 opinion of Dr. Kravatz, which limited plaintiff to simple work-related tasks for up to two hour increments over a 40-hour work week. ECF No. 21 at 13, AR 912.

It is the ALJ's province to weigh conflicting medical authority. Edlund, 253 F.3d at 1156. Moreover, upon independent evaluation the undersigned sees no conflict between the opinion of Dr. Kravatz and the opinions of Drs. Biala and Brode. The court agrees with the Commissioner's reading of Dr. Kravatz's opinion and finds that Dr. Kravatz was not imposing additional limitations, but instead commenting on the structure of a 40 hour work week. ECF No. 24 at 10-11, SSR 96-9p (describing the structure of an 8-hour sitting workday). With respect to interaction with coworkers, Dr. Kravatz's opinion states plaintiff "would require limited contact with coworkers and the general public. She would adapt to most changes in the work setting." AR 912. There is no real conflict between the referenced opinions,[5] and there is no ground for

---

[5] Plaintiff asks the court to "see also" the opinion of Dr. Kara Cross. ECF No. 21 at 14. The court likewise finds no conflict here, and Dr. Cross's opinion was given extensive consideration by the ALJ. AR 25-26.

reversal here.

### D. Clear and Convincing Reasons for Discrediting Plaintiff's Statements

The ALJ provided clear and convincing reason for discrediting plaintiff's subjective statements. When an "ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 492–93 (9th Cir. 2015) (internal citations omitted). A finding that a claimant's testimony is not credible "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain" Id. (internal citations omitted).

Plaintiff argues that the ALJ failed to identify what portions of plaintiff's testimony were credible, and expressed particular concern with respect to plaintiff's testimony of needing a leg brace, a full body brace, and use of a cane. AR 185, 200, 151-155, 169, 175, 393, 409. However, plaintiff argues, the ALJ accepted plaintiff's subjective testimony regarding her mental health allegations by affording them the "benefit of the doubt" and including related limitations in her RFC finding. ECF No. 21 at 14, AR 26. Plaintiff asserts that this stance is contradictory, and that the ALJ did not otherwise provide clear and convincing reasons for discounting plaintiff's subjective testimony.

The court disagrees that the ALJ's analysis was contradictory. The ALJ was clear that she gave plaintiff's depression testimony "the benefit of the doubt" and assessed related limitations in her RFC finding (AR 26), but otherwise found that claimant's "statements concerning the intensity, persistence and limiting effects" of her symptoms not credible to the extent that they are inconsistent with the medical record. AR 23. There is nothing inherently inconsistent about those positions. A claimant may properly be found credible as to some matters but not others. With respect to "specific, clear and convincing" reasons for discrediting plaintiff, the ALJ found that plaintiff's credibility was undermined by her history of conviction for a crime of moral

10

turpitude and her inconsistent and disproven testimony regarding drug use. AR 23. The ALJ also found plaintiff's subjective pain testimony inconsistent with her ability to sit through the initial hearing, and inconsistent with the medical evidence. Id. The ALJ provided sufficient reasoning for discounting plaintiff's subjective testimony.

### E. RFC Determination and Plaintiff's Ability to Walk

The ALJ did not err in her determination of plaintiff's RFC with respect to plaintiff's ability to walk. The substance of plaintiff's objection on this point is that the ALJ failed to consider the impact of her morbid obesity on her ability to walk, stoop, crouch, kneel or crawl. ECF No. 21 at 15. The undersigned finds no merit to this argument. The ALJ specifically assessed plaintiff's history of obesity and found that there "is no evidence of any specific or quantifiable impact on pulmonary, musculoskeletal, endocrine or cardiac functioning." AR 20. The ALJ found plaintiff's obesity to be non-severe. Id. Plaintiff cites no authority requiring the ALJ to re-address plaintiff's obesity in her RFC analysis when she already found the condition to be non-severe, and non-limiting to plaintiff. There is no reversible error here.

### F. Hypothetical Presented to the Vocational Expert

Plaintiff's argument that additional limitations which were not part of the ALJ's RFC should have been presented to the VE in the form of a hypothetical does not withstand scrutiny in light of the court's determinations discussed above. The ALJ properly proposed hypotheticals to the VE that included all supported limitations. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006) ("in hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence."). Because the court did not find that the ALJ erroneously failed to include any limitations in her RFC finding, there was no failure to include any limitations in the hypotheticals posed to the vocational expert.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is GRANTED; and

11

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERED.

DATED: September 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE